**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Zoldessy,<br><br>    Plaintiff,<br><br>vs.<br><br>MUFG Union Bank, N.A., d/b/a Union Bank,<br><br>    Defendant. | No.  CV-20-08329-PCT-SPL<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 10) filed pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6). The Motion has been fully briefed and is ripe for review. (Docs. 13, 5) For the following reasons, the Motion will be granted.

Also before the Court are Defendant's Request for Judicial Notice (Doc. 11) and Plaintiff's Request for Judicial Notice. (Doc. 13-1) Defendant's Request for Judicial Notice will be granted in part. Plaintiff's Request for Judicial Notice will be denied.

Finally, Defendant included a Motion to Strike Plaintiff's requests for punitive damages in its Reply brief. (Doc. 15 at 8–9) The Motion to Strike will be denied as moot.

**I.   BACKGROUND**

This case arises from a loan from Defendant MUFG Union Bank, N.A. ("Union Bank") to Plaintiff Adam Zoldessy. (Doc. 1-1 at ¶13)

Plaintiff is the owner of the property located at 185 Caballo Dr., Sedona, AZ 86336-6909 ("the Property"). (Doc. 1-1 at ¶5) Plaintiff took out two mortgages on the Property, secured by deeds of trust. (Docs. 11-2, 11-3) Plaintiff refinanced one of those loans in 2017,

and Defendant Union Bank is now the loan servicer.[1] (Doc. 1-1 at 3, Doc. 11-7) Plaintiff alleges Defendant placed his loan into "undisclosed forbearance" that prevented him from refinancing the loan through third parties. (Doc. 1-1 at ¶¶16,19) Plaintiff allegedly discovered this "undisclosed forbearance" in "about June/July of 2020." (Doc. 1-1 at ¶19)

On November 3, 2020, Plaintiff filed a Complaint in Coconino County Superior Court against Defendant Union Bank. (Doc. 1-1) He alleges Defendant "willfully and recklessly mismanaged the CARES Act Program." (Doc. 1-1 at ¶23) The Complaint sets forth nine causes of action: (1) a violation of the Arizona Consumer Fraud Act ("ACFA"), (2) breach of contract, (3) fraud in fact and fraud in inducement, (4) negligent misrepresentation, (5) negligence, (6) breach of covenant of good faith and fair dealing, (7) unjust enrichment, (8) violation of the Arizona Fair Debt Collection Practices Act ("FDCPA"), and (9) a request for declaratory judgment. (Doc. 1-1 at 3–15) Plaintiff seeks compensatory, punitive, statutory, and "other" damages. He also requests a permanent injunction enjoining Defendant from "performing further unfair, deceptive and unlawful acts." (Doc. 1-1 at 16) Finally, he asks for "restitution and disgorgement of Defendant' [sic] profits from its unfair, deceptive and unlawful practices…" (Doc. 1-1 at 16)

Defendant removed the case to this Court on December 10, 2020 on diversity grounds under 28 U.S.C. § 1332(a). (Doc. 1 at 2) Plaintiff is a resident of Sedona, Coconino County, Arizona. (Doc. 1-1 at ¶1) Union Bank is incorporated in New York and has its principle place of business in California. (Doc. 1 at 2) The amount in controversy exceeds $75,000 because the instant loan was for $705,000. (Doc. 10 at 2–3) Defendant also removed on federal question grounds, because Plaintiff's claims are based on an alleged violation of the Coronavirus Aid, Relief and Economic Security Act ("CARES Act"). (Docs. 1-1 at ¶¶11–37, Doc. 1 at 3) Subject matter jurisdiction is not at issue.

---

[1] Defendant is not listed on any of the deeds concerning the property that were provided to the Court. Plaintiff asserts in his Complaint that Defendant is an assignee currently holding and servicing the "Note and Mortgage" for the Property. (Doc. 1-1 at 3) Defendant confirms this assertion in the Motion to Dismiss. (Doc. 10 at 3)

On March 1, 2021, Defendant filed the Motion to Dismiss. (Doc. 10) Defendant moves to dismiss the Complaint in its entirety for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Doc. 10 at 3–4) Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss. (Doc. 13) Within the response he withdrew counts Eight and Nine of the Complaint.[2] (Doc. 13 at 17) Defendant filed a timely Reply. (Doc. 15)

## II. LEGAL STANDARDS

### A. Judicial Notice

"Under Federal Rule of Evidence 201(b), a judicially noticed fact 'must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 593, n.11 (2007).

Judicial notice may be denied when the materials to be noticed will not assist in resolution of the instant motion or when they will not change the court's analysis. *See Santa Monica Nativity Scenes Cmte. v. City of Santa Monica*, 784 F.3d 1286, 1298 n.6 (9th Cir. 2015); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 n.11 (9th Cir. 2014).

### B. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief" so the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Rule 8(a)(2)). A court may dismiss

---

[2] The Court notes Plaintiff's Response was filed in violation of LRCiv. 7.1(b), which states that the body of all pleadings and other papers shall not exceed 28 lines per page. Plaintiff's Response contains up to 38 lines per page, though the number of lines on each page varies. (Doc. 13) Nevertheless, the Court will consider Plaintiff's Response on the merits, but admonishes Plaintiff to ensure all future filings comply with the LRCiv. 7.1(b) requirements. Any future filing failing to comply with the Local Rules will be automatically stricken.

a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

### III. DISCUSSION

The Court will first address the requests for judicial notice, before turning to the merits of the case under Rule 12(b)(6).

#### A. Judicial Notice

Defendant requests judicial notice of the following: (1) copy of a recorded Warranty Deed dated July 25, 2006, (2) copy of a recorded Deed of Trust, dated August 16, 2006, (3) copy of a recorded Deed of Trust, dated August 16, 2006, (4) copy of a recorded Deed of Release, dated November 3, 2011, (5) copy of a recorded Assignment of Deed of Trust, dated June 5, 2011, (6) copy of a recorded Notice of Trustee's Sale, dated July 28, 2011, (7) copy of a recorded Deed of Release, and (8) MERS Servicer ID results, dated 15 December 2020, for MERS ID No. 1000768-0000045366-2. (Doc. 11 at 2–3)

Matters of public record are suitable for judicial notice. *See Todd v. JPMorgan Chase Bank, NA*, No. CV-12-01643-PHX-NVW, 2012 WL 4339259, at *1 (D. Ariz. Sept. 20, 2012) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). "Courts do not have to accept alleged facts as true when they contradict those matters subject to judicial notice." *Id.* (citing *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956)). *See also Garrison v. CitiMortgage Inc.*, No. CV-11-1392-PHX-FJM, 2011 WL 4702958, at *1, n. 1 (D. Ariz. Oct. 6, 2011) ("We take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.") (citing Rule 12(d), *Mir v. Little Co.*, 844 F.2d 646, 649 (9th Cir. 1988)). Recorded documents are matters of public record. *See Todd*, 2012 WL 4339259 at *1. Therefore, the Court takes judicial notice of items One through Seven of Defendant's

Request for Judicial Notice. (Doc. 11 at 2–3)

Judicial notice of websites is permitted when the "authenticity of a website or the accuracy of the information on the website is not disputed." *Poll v. Stryker Sustainability Sols., Inc.*, No. CIV 13-440-TUC-CKJ, 2014 WL 199150, at *2 (D. Ariz. Jan. 17, 2014). Because of this standard, it is usually government websites that are judicially noticed. *Id.* Courts have declined to judicially notice printouts of MERS webpages because the information they contained was not "generally known" or "accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *Mortg. Elec. Registration Sys., Inc. v. Koeppel*, No. 5:18-CV-03443-EJD, 2019 WL 2568860, at *3 (N.D. Cal. June 21, 2019) (citing Fed. R. Evid. 201(b)). This Court will do the same and decline to judicially notice item Eight in Defendant's Request for Judicial Notice. (Doc. 11 at 3) The Court will also decline to judicially notice the copy of Senator Elizabeth Warren's press release attached to Plaintiff's Response to the Motion to Dismiss (Doc. 13-1) because it does not change the Court's analysis or assist in resolution of the Motion to Dismiss. *See Santa Monica Nativity Scenes*, 784 F.3d at 1298, n.6.

**B.  Rule 12(b)(6) Analysis**

The Court now turns to the merits of the arguments presented in the Motion to Dismiss and responsive filings.

*i.   Count One: Violation of the Arizona Consumer Fraud Act*

The ACFA, A.R.S. § 44-1521, *et seq.*, "is a broadly drafted remedial provision designed to eliminate unlawful practices in merchant-consumer transactions." *In re Arizona Theranos, Inc., Litig.*, 308 F. Supp. 3d 1026, 1040 (D. Ariz. 2018) (quoting *State ex rel. Woods v. Hameroff*, 180 Ariz. 380, 884 P.2d 266, 268 (1994)). "The elements of a private cause of action under the Arizona Consumer Fraud Act are a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury." *Naiman v. Alle Processing Corp.*, No. CV20-0963-PHX-DGC, 2020 WL 6869412, at *5 (D. Ariz. Nov. 23, 2020) (internal citations omitted). "Loan transactions constitute a sale within the meaning of the Arizona

Consumer Fraud Act." *Loomis v. U.S. Bank Home Mortg.*, 912 F. Supp. 2d 848, 856 (D. Ariz. 2012) (citing *Villegas v. Transamerica Fin. Servs., Inc.*, 147 Ariz. 100, 102–03 (Ariz. Ct. App. 1985)). However, the "transaction" must constitute an offer for a new loan. *Rich v. BAC Home Loans Servicing LP*, No. CV-11-00511-PHX-DLR, 2014 WL 7671615, at *10 (D. Ariz. Oct. 9, 2014), *aff'd sub nom. Rich v. Bank of Am., N.A.*, 666 F. App'x 635 (9th Cir. 2016).

Plaintiff asserts a claim under the ACFA based on alleged false promises and misrepresentations by Defendant and/or its representatives. (Doc. 1-1 at ¶¶13,15, 24–29,39) Plaintiff claims he inquired about forbearance on his loan, then Defendant placed the loan in forbearance without him having requested it. (Doc. 1-1 at ¶¶13,15) When Plaintiff tried to reverse the forbearance, Defendant allegedly told him the situation would be corrected and he would be notified. (Doc. 1-1 at ¶¶24–29) Plaintiff alleges Defendant has not given him an answer regarding forbearance. (Doc. 1-1 at ¶29)

As Defendant argues in its Motion to Dismiss, here there was no sale or advertisement of merchandise. (Doc. 10 at 5) Defendant states it became the servicer on the instant loan after Plaintiff refinanced it. (Doc. 10 at 1–2) Plaintiff argues in his Response that he was harmed after he made "loan modification inquiries." (Doc. 13 at 4) In *Rich*, the plaintiff's communications with the loan servicer regarding refinancing options concerned "potential offers to modify an already existing debt." *Id.* There the Court found those communications did not concern the "sale or advertisement of merchandise" under the ACFA and thus could not form the basis of an ACFA claim. *Id.* The same is alleged to have happened here — Plaintiff contacted his loan servicer regarding forbearance options on an already existing loan. (Doc. 1-1 at ¶15) Thus, this Court finds the communications between Plaintiff and Defendant did not constitute a sale or advertisement under the ACFA and cannot form the basis of Plaintiff's ACFA claim. The ACFA claim will therefore be dismissed.

        *ii.    Count Two: Breach of Contract*

"In order to state a claim for breach of contract, plaintiff must allege the existence

of a contract between the plaintiff and defendant, a breach of the contract by the defendant, and resulting damage to the plaintiff." *Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 779 (D. Ariz. 2012) (citing *Warren v. Sierra Pacific Mortg. Srvcs. Inc.*, 2011 WL 1526957, at *3 (D. Ariz. April 22, 2011) (internal citations omitted)).

Here, Plaintiff alleges Defendant "failed to perform in a manner that meets the standards of its industry under its contract with Plaintiff. Contracts existed between Plaintiff and Defendant. Defendant failed to abide by any contract for banking and other services, for both personal and trust account." (Doc. 1-1 at ¶42) Critically, as Defendant points out, Plaintiff fails to allege how Defendant breached the contract. (Doc. 10 at 6) The Court is unable to ascertain the terms of the contract from the contents of the Complaint, so it is not clear Defendant breached any agreement between the parties regarding the loan by placing the loan in forbearance. Plaintiff did not attach a contract or a loan agreement to the Complaint. Pleadings that offer "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Stated differently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The Court cannot accept Plaintiff's bald assertions that there was a breach of contract when the terms are unknown. The breach of contract claim will therefore be dismissed.

> iii.   *Count Three: Fraud in Fact and Fraud in Inducement*

Common law fraud in Arizona has nine elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted upon by and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the truth; (8) the hearer's right to rely thereon; and (9) consequent and proximate injury. *See In re Arizona Theranos, Inc.*, 308 F. Supp. 3d at 1040 (citing *Peery v. Hansen*, 120 Ariz. 266, 585 P.2d 574, 577 (1978)). Furthermore, the Federal Rules of Civil Procedure impose additional requirements on plaintiffs asserting fraud claims. Rule 9(b) requires the pleading to show "the circumstances constituting the alleged fraud [must] be specific enough to give

defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Lytikainen v. Schaffer's Bridal LLC*, 409 F. Supp. 3d 767, 777 (D. Ariz. 2019) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). "This requires a plaintiff to plead 'the who, what, when, where, and how of the misconduct charged,' and 'set forth what is false or misleading about a statement, and why it is false.'" *Id.*

The Complaint explicitly states the elements of common law fraud. (Doc. 1-1 at ¶¶45–46) However, the factual allegations within the Complaint fail to meet the Rule 9(b) standards. The Complaint contains examples of conversations with Defendant's representatives, with approximate dates and summaries of what they told Plaintiff. (Doc. 1-1 at ¶¶17,26–28) There are insufficient allegations to support the elements of fraud concerning the speaker's knowledge of the statements' falsity and the speaker's intent that the statements should be acted upon by Plaintiff. As Defendant argues, the Complaint lacks any facts about the representatives' knowledge of the truth or falsity of their statements, as well as any facts about their intent that Plaintiff should have acted upon those statements. (Doc. 10 at 7) In fact, it is not clear Plaintiff relied and acted on the statements at all. The allegation "Plaintiff relied on continued representations of disclosure and correction in all respects of the situation by Defendant agent(s)" (Doc. 1-1 at ¶20) is a conclusory recitation of an element of fraud, not a properly alleged fact. *See Ashcroft*, 556 U.S. at 678, *see also Twombly*, 550 U.S. at 555. There are no facts provided about what Plaintiff did with the information he got from the agents. Plaintiff fails to meet the pleading requirements for fraud. The claim will be dismissed.

      *iv.*    *Count Four: Negligent Misrepresentation*

Negligent misrepresentation has five elements: "(1) the defendant provided false information in a business transaction; (2) the defendant intended for the plaintiff to rely on the incorrect information or knew that it reasonably would rely; (3) the defendant failed to exercise reasonable care in obtaining or communicating the information; (4) the plaintiff justifiably relied on the incorrect information; and (5) resulting damage." *In re Arizona*

*Theranos, Inc.*, 308 F. Supp. 3d at 1055 (quoting *KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 236 Ariz. 326, 333 n.7 (Ariz. Ct. App. 2014)).

This claim fails for the same reasons the fraud claim fails.[3] *See supra* III.B.iii. It is unclear from the Complaint whether Defendant intended or knew Plaintiff would rely on information given to him and whether Plaintiff in fact relied on that information. The claim is insufficiently pled and will be dismissed.

### v.   Count Five: Negligence

Negligence claims have four elements: "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *In re Arizona Theranos, Inc.*, 308 F. Supp. 3d at 1054 (quoting *Gipson v. Kasey*, 214 Ariz. 141, 143 (2007)). Whether a duty to disclose exists is a question of law. *Fink v. Brown & Brown Program Ins. Servs. Inc.*, No. CV-17-03869-PHX-DLR, 2018 WL 1744999, at *2 (D. Ariz. Apr. 11, 2018).

Defendant argues it did not have a duty to Plaintiff, that Plaintiff did not establish a duty, or if one exists, that Plaintiff did not establish a breach of any duty, and that the alleged damages did not flow from the alleged breach. (Doc. 10 at 9) In Arizona, mortgage lenders typically do not have a duty toward their borrowers "[u]nless a 'special relationship' arises from extensive involvement in a lender's business," or when a duty to disclose exists. *Snyder v. HSBC Bank*, USA, N.A., 913 F. Supp. 2d 755, 776 (D. Ariz. 2012) (quoting *Wilson v. GMAC Mortg., LLC*, 2011 WL 4101668, at *3–4 (D. Ariz. Sept. 14, 2011)). Here, there is no known "extensive involvement" by Defendant. Furthermore, the duty to disclose is limited to certain situations. *See id.* (internal citations omitted)

---

[3] While Defendant argues this claim fails for the same reasons as the negligence claim, but following more recent case law, the Court finds it more akin to the fraud claims and analyzed it under the same framework. *Compare In re Arizona Theranos, Inc., Litig.*, 308 F. Supp. 3d 1026, 1055 (D. Ariz. 2018) (internal citations omitted) *and In re Allstate Life Ins. Co. Litig.*, 971 F. Supp. 2d 930, 945–46 (D. Ariz. 2013) *with Van Buren v. Pima Cmty. Coll. Dist. Bd.*, 113 Ariz. 85, 86–87, 546 P.2d 821, 822–23 (1976).

(describing cases in which the duty to disclose existed, specifically the duty to disclose the correct amount of the monthly payments under a loan agreement). Arizona follows the Restatement (Second) of Torts, which lists circumstances under which there is a duty to disclose. *Loomis v. U.S. Bank Home Mortg.*, 912 F. Supp. 2d 848, 857 (D. Ariz. 2012) (citing Restatement (Second) of Torts §551(2)). The Restatement does not include a duty to disclose before a loan goes into forbearance. *See* §551(2). Furthermore, a search of Arizona case law reveals no factually similar instance in which the court found a duty to disclose.

The Complaint states CARES Act administrators like Fannie Mae have advised lenders to inform their borrowers that forbearance will not result in loan forgiveness and that "forborne payments must be accounted for." (Doc. 1-1 at ¶30) Even if the Court were to construe this as a duty to disclose, Defendant's alleged failure to provide information to Plaintiff about his responsibilities regarding payment did not result in the type of harm the alleged duty is intended to prevent. Plaintiff repeatedly asserts he has continued to make all his payments on time. (Doc. 1-1 at ¶¶18,30) The inability to refinance his loan is not an injury arising from the alleged breach of the duty to disclose. Plaintiff has therefore failed to show a causal connection between the breach and harm, thereby failing to state a claim for negligence. The claim will be dismissed.

>    *vi.    Count Six: Breach of Covenant of Good Faith and Fair Dealing*

"To state a claim for breach of the implied covenant, Plaintiff must allege a specific implied contractual obligation, a breach of that obligation, and how Defendant's violation of that obligation damaged Plaintiff." *Andra Grp. LP v. JDA Software Grp. Inc.*, No. CV-13-02528-PHX-SRB, 2014 WL 12672630, at *1 (D. Ariz. Aug. 21, 2014). When the alleged breach is expressly contemplated by an agreement between the parties, there can be no claim for the breach of the covenant of good faith and fair dealing. *See id.* Such a claim can also be brought under tort theory, which requires a difference in proof. *See Snyder*, 873 F. Supp. 2d at 1152. "Sustaining a tort claim requires a plaintiff to allege and prove a special relationship between the parties arising from elements of the public interest,

adhesion, of fiduciary responsibility." *Id.* (internal quotations omitted). Plaintiff did not specify whether he brings Count Six under a contract or tort theory, but Defendant argues this claim is not cognizable under either. (Doc. 10 at 9–10) Plaintiff's Response addresses both theories. (Doc. 13 at 14–15) He argues that his benefit of the bargain with Defendant has been adversely affected, and also that the parties did in fact, have a special relationship that required a duty of care. (Doc. 13 at 14–15)

First, the Court was unable to find a special relationship between the parties. *See supra* III.B.v. Even if the Court accepted Plaintiff's arguments about the duty to disclose, the lender duty to disclose is "very narrow" and "limited only to the duty to disclose." *Snyder*, 873 F. Supp. 2d at 1152 (citing *Narramore v. HSBC Bank USA, N.A.*, No. 09-CV-635-TUC-CKJ, 2010 WL 2732815, at *8 (D. Ariz. July 7, 2010)). The Court already found even if the duty exists, Plaintiff failed to show how the possible breach resulted in his alleged harm. *See supra* III.B.v. Therefore, the Complaint fails to state a claim under tort theory.

Second, the Court did not find a breach of contract because it could not discern the alleged contract's terms or how Defendant breached them. *See supra* III.B.ii. However, "[A]rizona law recognizes that a party can breach the implied covenant of good faith and fair dealing both by exercising express discretion in a way inconsistent with a party's reasonable expectations and by acting in way not expressly excluded by the contract's terms but which nevertheless bear adversely on the party's reasonably expected benefits of the bargain." *Snyder*, 873 F. Supp. 2d at 1152 (internal quotation omitted). The Complaint alleges Defendant had a specific obligation to "apply payments it receives from borrower to interest, principal and escrow items," and Plaintiff had the obligation to timely pay the amounts due for the "items." (Doc. 1-1 at ¶60) The Complaint further alleges that by placing the loan into forbearance, Defendant frustrated Plaintiff's ability to perform under the contract and "failed to cooperate with Plaintiff [sic] performance of the contract." (Doc. 1-1 at ¶61) However, the Complaint also states, "Plaintiff continued to make all required monthly loan payments timely and continues to do so," (Doc. 1-1 at ¶18) and "Plaintiff has

continued to be timely with all loan payments, always acknowledged by Defendant." (Doc. 1-1 at ¶30) Plaintiff's bare assertion that he could not perform under the contract is unsupported by the very facts he alleges. Conclusions of law unsupported by the facts are insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Therefore, it does not appear from the face of the Complaint that Plaintiff's ability to perform has been frustrated, nor that Plaintiff has been denied the benefits of the bargain, considering there are no allegations Defendant refused to accept Plaintiff's payments. Plaintiff has failed to state a claim for the implied covenant of good faith and fair dealing. The claim will be dismissed.

    *vii.* *Count Seven: Unjust Enrichment*

To sufficiently state a claim for unjust enrichment, a plaintiff must plead five elements: "(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment; and (5) an absence of a remedy provided by law." *Beaulieu Grp. LLC v. Inman*, No. CV-10-1590-PHX-LOA, 2011 WL 4971701, at *3 (D. Ariz. Oct. 19, 2011) (citing *Cmty. Guardian Bank v. Hamlin*, 182 Ariz. 627, 630 (Ariz. Ct. App. 1995)). "Where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." *Beaulieu Grp.*, 2011 WL 4971701 at *3 (citing *McNutt v. Key Fin. Corp.*, No. CV-09-01847-PHX-ROS, WL 3702509 at * 2 (D. Ariz. Sept. 9, 2010) (internal quotations omitted)). Unjust enrichment claims may be pled in the alternative to a breach of contract claim. *Id.* If there is a remedy provided by law for the breach of contract claim, the unjust enrichment claim does not meet the fifth element and the claim must be dismissed. *Id.*

Here, Defendant argues Plaintiff's assertions that Union Bank "may have received additional servicing fees" or "incentive payments" by placing Plaintiff in forbearance cannot support the unjust enrichment claim because Plaintiff cannot establish that those fees and incentives were received at his expense. (Doc. 10 at 10–11) Defendant further argues Plaintiff lacks standing to bring this claim because there are no allegations to support that he was entitled to those payments. (Doc. 10 at 11) Defendant also argues the

fact Plaintiff cannot refinance his loan is not an impoverishment "based on the actions of Union Bank." (Doc. 10 at 11) Plaintiff argues in response that he met his burden to sufficiently plead an unjust enrichment because the servicing fees were collected at his expense. (Doc. 13 at 16) This allegation is insufficient. "At his expense" means the plaintiff conferred a benefit on defendant and defendant received "money or benefits that in justice and equity belong to another." *Joshua David Mellberg LLC v. Will*, 96 F. Supp. 3d 953, 988 (D. Ariz. 2015) (citing *Doe v. Arizona Hosp. & Healthcare Ass'n*, No. CV07-1292-PHX-SRB, 2009 WL 1423378, at *12 (D. Ariz. Mar. 19, 2009)). In *Joshua David Mellburg*, this Court dismissed Plaintiff's claim for unjust enrichment because "the allegations in the [First Amended Complaint] do not support the theory that [Plaintiff] conferred a single benefit on Defendants." 96 F. Supp. 3d at 988. Here, the fact that Defendant may have received fees or payment from someone else (the Complaint fails to state who) is not a "benefit" of the kind necessary to state an unjust enrichment claim. Plaintiff did not confer the benefits himself, nor did he assert facts showing he was entitled to those benefits instead of Defendant. Plaintiff has thus failed to state a claim for unjust enrichment and this claim will be dismissed.

Therefore,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 13) is **granted as follows:**

1. Counts One and Seven of Plaintiff's Complaint (Doc. 1-1 at ¶¶5–39,66–70) are **dismissed with prejudice**.
2. Counts Two, Three, Four, Five and Six (Doc. 1-1 at ¶¶40–65) are **dismissed without prejudice**.
3. Counts Eight and Nine (Doc. 1-1 at ¶¶71–81) are withdrawn by Plaintiff and thus **dismissed without prejudice**.
4. Plaintiff is granted leave to **file an amended complaint no later than June 3, 2021**.

///

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Doc. 15 at 8–9) is **denied as moot**.

Dated this 3rd day of May, 2021.

Honorable Steven P. Logan
United States District Judge